# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD M. KERGER, ET AL.,** | ) | **CASE NO.3:17CV00994** |
| | ) | |
| Plaintiffs, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 3:17CV1041** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **RICHARD M. KERGER, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on the United States of America's Motion to Dismiss, (ECF # 4 filed in 17-994), and the United States' Motion to Dismiss the Counterclaim. (ECF # 10 in 17-1041). For the following reasons, the Court grants the Motions, in part.

Plaintiffs Richard and Jessica Kerger bring their action in Case No. 17-994 for declaratory judgment seeking a declaration that they owe no federal back taxes as those taxes were allegedly discharged in bankruptcy. The United States contends the plain language of the Declaratory Judgment Act prohibits declaratory actions against the United States concerning federal tax issues.

The United States brings its action in Case No. 17-1041 against the Kergers to reduce to judgment the alleged amount of back taxes and penalties the Kergers owe the United States.

## **Procedural History**

On November 19, 2015, Plaintiffs filed their original Complaint seeking a declaratory judgment, injunctive relief or, in the alternative, a determination that the United States is equitably estopped from collecting on any alleged tax liabilities owed by the Kergers. The United States filed a Motion to Dismiss, which was subsequently granted by the Court without prejudice. The Court determined the Declaratory Judgment Act did not apply to actions to determine federal tax issues. The Court further held that Plaintiffs' Complaint failed to assert sufficient facts such that their claims were plausible under applicable United States Supreme Court precedent.

On May 10, 2017, the Kergers refiled their Complaint with this Court again seeking a Declaratory Judgment that they owed no federal taxes and asking the Court to equitably estop the United States from attempting to collect federal taxes the Kergers contend were discharged in bankruptcy. The United States moved to dismiss the newly refiled Complaint but also filed a separate action in this Court to reduce to judgment the Kergers' alleged tax

liabilities. In turn, the Kergers filed a Counterclaim in the United States action asserting the same claims they assert in their refiled Complaint. The United States moves to dismiss the Kergers' Counterclaim based on the same arguments in its Motion to Dismiss the Kergers' refiled Complaint. Thus, the motions are nearly identical as are the defenses and the Court will address both in this opinion.

## The Kergers' Complaint

Plaintiffs Richard and Jessica Kerger are a married couple who lived in a home at 1972 Potomac Drive in Toledo, Ohio for more than twenty years. According to the Kergers, the United States via the Internal Revenue Service ("IRS") is attempting to collect back taxes from the Kergers that were discharged on September 23, 2010 in bankruptcy court. Prior to the bankruptcy discharge, the Kergers and the IRS engaged in settlement discussions on the tax debt but the Kergers were unable to make payments under the proposed payment plan of the IRS and filed for reorganization in 2008. When the Kergers were unable to structure a reorganization plan they filed for Chapter 7 bankruptcy in 2010 and the discharge was granted on September 23, 2010. Subsequently, the IRS sent notice to the Kergers of its intent to pursue the tax liabilities. The Kergers retained a tax lawyer to resolve the disputed tax liabilities.

In 2012 the IRS began levying a portion of the Kergers' Social Security benefits but discontinued it in 2014. The Kergers allege the IRS sent them differing amounts on the debt owed and at this point cannot tell how much is owed given the inconsistent notices from the IRS. According to the Kergers' Complaint, the years in question begin in 2000 and include obligations up to 2010. The Kergers have been unable to obtain a response from the IRS to

their 2015 inquiry on the status of the debt owed.

In 2014, the Kergers had to leave their home on Potomac Drive due to the presence of mold. A fitting on the water heating system failed, resulting in damage to three stories of the home, spreading mold throughout. Remediation costs were estimated to be over $100,000. Rather than attempt to remediate the mold problem, the Kergers decided to sell the property but the IRS had placed liens on the home. The Kergers' tax attorney contacted the IRS to request transcripts of the tax liabilities owed but was informed by an agent of the IRS that the Kergers owed no monies for the years at issue. The IRS issued account transcripts verifying this representation. In further conversations with an IRS appellate officer, the Kergers' tax attorney was informed that the Kergers had zero tax liability and that the liens on the property would simply fall off. In reliance on these representations the Kergers proceeded to have the property cleaned and prepared for auction and the Kergers purchased a new home in 2015. The State of Ohio also had liens on the Potomac property but released its liens upon the bankruptcy discharge. On August 20, 2015, the Potomac Drive home sold at auction with the understanding that the IRS liens would fall off before the thirty day closing period concluded. However, on September 10, 2015, the Kergers received several certified letters from the IRS that the back taxes they had previously been told were satisfied were still due and owing. Through communications between the IRS and the Kergers tax lawyer the Kergers discovered that when they filed for bankruptcy, the IRS had zeroed out the Kergers' joint tax liabilities. This removed any joint and several tax liability for the Kergers, but instead made them each individually liable for the full amount of the taxes owed. Recent efforts to determine the amount owed have produced inconsistent statements from the IRS.

As a result, the Kergers' seek "a declaratory judgment confirming the discharge order of the Bankruptcy Court, especially as it relates to the Kergers' taxes at issue." (Complaint at pg 10). Alternatively, the Kergers allege the United States should be equitably estopped from collecting on the tax obligations given the conduct of its agents arising from the Kergers' tax liabilities.

## The United States' Motions

The United States moves to dismiss the Kergers' Complaint in 17-994 and the Kergers Counterclaim in 17-1041 under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and 12(b)(6) for failure to state a claim. According to the United States, the Declaratory Judgment Act 28 U.S.C. § 2201 ("DJA") specifically excludes federal tax disputes from the DJA. The Kergers' opposition brief is utterly silent as to the Court's lack of jurisdiction over a declaratory judgment claim for federal taxes. Instead, the Kergers argue entirely for the application of equitable estoppel based on the representations of the United Staes

## Law and Analysis

Fed. R. Civ. P. 12(b)(1) states in pertinent part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction...

When challenged on a motion to dismiss, it is plaintiff's burden to prove the existence of subject matter jurisdiction. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir.1986). Such challenges are brought by two different methods: (1) facial attacks and (2) factual attacks. *See, e.g., United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994).

"A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a

motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Walters v. Leavitt*, 376 F.Supp.2d 746, 752 (E.D. Mich 2005), citing *Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Walters* at 752. Defendants' Motion presents an attack on the sufficiency of the allegations and is therefore, a facial attack.

Plaintiffs' refiled Complaint and Counterclaim seek a determination by the Court on Plaintiffs' federal tax liabilities and the Court agrees with Defendant that the DJA prohibits just such a determination. The DJA applies to actual controversies " except with respect to Federal taxes..." 28 U.S.C. § 2201(a). The DJA carves out some exceptions, none of which apply here. The courts within this jurisdiction that have considered this section have held "this exemption for disputes relating to federal taxes "acts to deprive district courts of jurisdiction where § 2201 otherwise would apply, the only exception being those cases in which suit is brought by a party other than the taxpayer whose taxes lie at the heart of the controversy." *Hart v. United States,* 291 F. Supp. 2d 635, 643 (N.D. Ohio 2003), *citing Hill v. I.R.S.,* 991 F.2d 795, 1993 WL 94001 at *1 (6th Cir.1993). The Kergers' Complaint and Counterclaim expressly requests "declaratory judgment that the Kergers do not owe any amounts for back taxes." (Complaint at pg. 11. Counterclaim at pg.14). When read in conjunction with paragraph three of their Complaint expressly stating that "there is no issue as

to the discharge raised in this Complaint," it is clear Plaintiffs want a determination on federal taxes. This is precisely the kind of declaratory relief the DJA prohibits. By disclaiming any relation to the bankruptcy discharge, the Kergers' Complaint and Counterclaim requests a declaratory judgment the Court lacks jurisdiction to grant. "Absent the application of an exception to the statutory prohibition, the Declaratory Judgment Act plainly bars the district court from declaring that [plaintiffs] owe no additional federal taxes." *Sterling Consulting Corp. v. United States*, 245 F.3d 1161, 1166 (10th Cir. 2001). Therefore, insofar as the Kergers seek a declaratory judgment that they owe no back taxes, their claim and counterclaim for a declaration that they owe no federal taxes cannot stand because the Court lacks subject matter jurisdiction and the Court grants the Motions for the United States on these claims.

However, in construing the Kergers' Complaint and Counterclaim to include a request that the Court find the United States is equitably estopped from collecting on alleged tax liabilities that the Kergers' contend were discharged in bankruptcy, the Court holds such a claim survives. As previously cited by the Court in dismissing the Kergers' original Complaint, matters concerning determinations of dischargeability of particular debts that are arising from or relating to a bankruptcy action are core proceedings and "shall be referred to the bankruptcy judges." 28 U.S.C. § 157(a) and (b)(2)(I). In both the Kergers' refiled Complaint and the United States' Complaint to reduce to judgment, the key issue is whether the Kergers' bankruptcy discharge in 2010 discharged the federal tax liabilities upon which the United States now seeks a judgment. Furthermore, the United States acknowledges "there is in fact an issue as to the discharge." (17-1041, ECF # 10-1 pg. 5). Therefore, the

7

Court denies the United States' Motions to Dismiss on this issue. Instead, the Court orders the parties to show cause why these actions should not be referred to the bankruptcy court to determine whether such tax liabilities were or were not discharged. The Parties shall show cause by submitting cross briefs, no later than March 20, 2018. The briefs shall not exceed ten pages.

The Court further finds the *Twombly* and *Iqbal* pleading concerns raised in its Opinion and Order in the original case are not a bar to these actions for two reasons. First, Plaintiffs allege in their refiled Complaint that they have attempted to obtain from the United States the particulars on the tax liabilities owed but have either obtained no information or conflicting information from the United States on the years that taxes are owed and the amounts. Second, the particulars are now known because the United States' action clearly lays out in its Complaint the years the Kergers owe federal taxes and the amounts in tax and penalties owed.

Therefore, for the foregoing reasons, the Court grants in part the United States Motions to Dismiss in 17-994 and 17-1041 and denies them in part. The parties shall file their cross briefs on referral to bankruptcy court no later than March 20, 2018.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated: March 7, 2018