# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD M. KERGER, ET AL.,** | ) | CASE NO. 3:17CV00994 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 3:17CV1041 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **RICHARD M. KERGER, ET AL.,** | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| Defendants | ) | |

## <u>CHRISTOPHER A. BOYKO, J:</u>

This matter is before the Court on the parties' supplemental briefs on whether the issues presented in the above-captioned cases should be determined by the Bankruptcy Court as core issues. For the following reasons, the Court will retain the cases and proceed with hearing the merits.

As recounted in the Court's ruling on Defendant's Motion to Dismiss, Plaintiffs Richard and Jessica Kerger bring their action in Case No. 17-994 for Declaratory Judgment seeking a declaration that they owe no federal back taxes as those taxes were allegedly discharged in

bankruptcy.  They further ask that the United States be estopped from attempting to collect on the tax debt due to the representations of an agent of the United States to the Kergers that they owed no back taxes.

The United States brings its action in Case No. 17-1041 against the Kergers to reduce to judgment the alleged amount of back taxes and penalties the Kergers owe the United States and for a determination that certain tax liabilities of the Kergers were excepted from discharge.

## Procedural History

On November 19, 2015, Plaintiffs filed their original Complaint seeking a declaratory judgment, injunctive relief or, in the alternative, a determination that the United States is equitably estopped from collecting on any alleged tax liabilities owed by the Kergers.  The United States filed a Motion to Dismiss, which was subsequently granted by the Court without prejudice.  The Court determined the Declaratory Judgment Act did not apply to actions to determine federal tax issues.  The Court further held that Plaintiffs' Complaint failed to assert sufficient facts such that their claims were plausible under applicable United States Supreme Court precedent.

On May 10, 2017, the Kergers refiled their Complaint with this Court again seeking a Declaratory Judgment that they owed no federal taxes and asking the Court to equitably estop the United States from attempting to collect  federal taxes the Kergers contend were discharged in bankruptcy.  The United States moved to dismiss the newly refiled Complaint but also filed a separate action in this Court to reduce to judgment the Kergers' alleged tax liabilities.  In turn, the Kergers filed a Counterclaim in the United States' action asserting the same claims they assert in their refiled Complaint.

On a Motion to Dismiss, the Court determined the Kergers could not obtain a Declaratory Judgment on the amount of taxes owed as tax determinations are specifically exempted from the Declaratory Judgment Act. The Court denied the United States' Motion to Dismiss the Kergers' Equitable Estoppel claim, holding the Kergers had asserted sufficient facts to support the claim. The Court then instructed the parties to submit supplemental briefs regarding whether the United States' Complaint seeking a judgment on the Kergers' tax liabilities and the Kergers' Equitable Estoppel claims are core proceedings requiring referral back to the Bankruptcy Court for determination. The Kergers do not oppose referral to Bankruptcy Court while the Government opposes such a referral.

**United States' Supplemental Briefing**

The United States argues there is concurrent jurisdiction between the District Court and Bankruptcy Court to hear dischargeability issues. However, Bankruptcy Court lacks jurisdiction to enforce a judgment against property that is not property of the bankruptcy estate. Further, the United States asserts the Bankruptcy Court lacks jurisdiction over its Complaint because its claims do not arise under Title 11 but rather 26 U.S.C.§ 7401 & § 7402. There is no question this Court has jurisdiction under 28 U.S.C. § 1345, to determine the claims presented. Consequently, the United States argues the Court should retain jurisdiction where as here, there is no question it may hear the claims as opposed to referral to Bankruptcy Court where its jurisdiction is dubious.

## **JURISDICTION**

The Court begins its analysis, as it must, by determining its jurisdiction to hear the claims of the parties. 28 U.S.C. § 1345 authorizes federal courts to hear claims wherein the United

States is the plaintiff. Section 1345 reads:

> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

28 U.S.C.A. § 1334 also confers jurisdiction upon district courts for claims arising out of Chapter 11.

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(See also 28 U.S.C. §1340.)

Neither party disputes this Court has jurisdiction to hear the claims in this case. However the Bankruptcy Code does provide bankruptcy courts with some authority to determine the amount of a tax liability. "The bankruptcy court is a court of limited jurisdiction.... The subject matter jurisdiction of the bankruptcy court is limited to that which [C]ongress specifically grants." *Wasserman v. Immormino* (*In re Granger Garage, Inc.*), 921 F.2d 74, 77 (6th Cir.1990). The bankruptcy court has subject matter jurisdiction over "all cases under title 11," and over "all civil proceedings" (1) "arising under title 11" or (2) "arising in" a case under title 11 or (3) "related to" a case under title 11. See 28 U.S.C. §§ 1334(b), 157(a), 157(b)(1).

"The phrase 'arising under title 11' describes those proceedings that involve a cause of action created or determined by a statutory provision of title 11, and 'arising in' proceedings are those that, by their very nature, could arise only in bankruptcy cases." *Bliss Technologies, Inc. v.*

4

*HMI Indus., Inc.* (*In re Bliss Technologies, Inc.*), 307 B.R. 598, 602 (Bankr.E.D.Mich.2004) (quoting *Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc.,* 930 F.2d 1132, 1140 (6th Cir.1991)). "These two categories of civil proceedings are "core" proceedings within the meaning of 28 U.S.C. §§ 157(b)(1) and 157(b)(2)." *In re Swain,* 437 B.R. 549, 553–54 (Bankr. E.D. Mich. 2010).

"Civil proceedings that fall only within the third category of the bankruptcy court's subject matter jurisdiction—its "related to" jurisdiction—are non-core." *Id.* "The Sixth Circuit has adopted the test articulated in *Pacor, Inc. v. Higgins* (*In re Pacor, Inc.*), 743 F.2d 984, 994 (3d Cir.1984), for determining "related to" jurisdiction:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Swain*, 437 B.R. at 553–54.

The United States argues that the claims herein are not subject to the jurisdiction of the Bankruptcy Court because the Kergers' bankruptcy case closed in 2010, thus, any action by the Court in the above proceedings would have no effect on the long-disposed bankruptcy estate action. Furthermore, the Bankruptcy Court would have no jurisdiction to hear the Kergers' Equitable Estoppel claim and the Bankruptcy Court lacks authority to enforce a judgment on the United States' claims against the Kergers.

"The Sixth Circuit has cautioned against finding "related to" jurisdiction in 'situations ...

5

where [there is] an extremely tenuous connection to the estate [.]'" *In re Swain,* 437 B.R. at 554 quoting *Wolverine Radio*, 930 F.2d at 1142.

Here, the Kergers' Complaint does not point the Court to any Bankruptcy Code provision providing the basis of its discharge claim. Instead, it relies primarily on its Equitable Estoppel argument. Furthermore, the Kergers assert this Court's federal question jurisdiction found in 28 U.S.C. § 1331. Neither does the United States rely on the Bankruptcy Code for the Court's jurisdiction.

Because there are questions concerning the Bankruptcy Court's jurisdiction to hear the entirety of the claims and defenses presented, and because there is no question this Court has jurisdiction to adjudicate all the claims presented, the Court will retain both cases and will not refer to them to the Bankruptcy Court at this time, subject to revisiting the issue should discovery or legal argument warrant referral.

The parties shall confer and submit to the Court no later than July 27, 2020, a joint proposed schedule to include, fact discovery, dispositive motions, expert reports (if needed) settlement conference (if desired by both sides) and trial dates.

IT IS SO ORDERED.


Date: 7/21/2020                    /s/Christopher A. Boyko
                                   CHRISTOPHER A. BOYKO
                                   Senior United States District Judge